IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GEORGE A. JACKSON, | : | |
| Petitioner, | : | |
| v. | : | C.A. No. 14-951-LPS |
| G.R. JOHNSON, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : | |
| Respondents. | : | |

**MEMORANDUM**

I.  **BACKGROUND**

In 1992, a Delaware Superior Court jury convicted Petitioner George A. Jackson ("Petitioner") of attempted first degree murder, first degree robbery, and second degree conspiracy. *See Jackson v. State*, 648 A.2d 424 (Table), 1994 WL 397558, at *1 (Del. June 30, 1994). The Superior Court sentenced Petitioner to twenty-five years of Level V incarceration, to be followed by probation. *See In re Jackson*, 1996 WL 663096, at *1 (Del. Super. Ct. Sept. 10, 1996). The Delaware Supreme Court affirmed Petitioner's convictions and sentence on direct appeal. *See Jackson*, 1994 WL 397558, at *5.

In 1995, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1992 convictions. The Honorable Joseph J. Longobardi denied the petition as procedurally barred and meritless. *See Jackson v. Kearney*, Civ. A. No. 95-127-LON, Order (D. Del. June 27, 1996); *see also In re Jackson*, 1996 WL 663096, at *1.

Presently pending before the Court is Petitioner's new Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (D.I. 1) and his Amended Petition (D.I. 6) (hereinafter collectively

referred to as "Petition"). The Petition asserts three grounds for relief: (1) Petitioner is actually innocent of the crimes for which he was convicted; (2) defense counsel provided ineffective assistance by failing to locate and produce exculpatory evidence (including the original police reports, warrant charge sheet, affidavit of probable cause, and preliminary hearing transcript); and (3) the prosecutor knowingly used perjured testimony during the trial. (D.I. 1 at 16-19; D.I. 6 at 21)

## II.  LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas application. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

## III.  DISCUSSION

The dismissal of Petitioner's first § 2254 petition as both procedurally barred and meritless constitutes an adjudication on the merits. *See Hernandez v. Diguglielmo*, 2005 WL 331734, at *2 (E.D. Pa. Feb. 10, 2005) (holding court's denial of petitioner's first habeas petition as procedurally barred constitutes adjudication on merits for second or successive purposes) (collecting cases). Petitioner could have asserted the claims in the instant Petition in his first

2

habeas petition. Therefore, the Court concludes that the instant Petition constitutes a second or successive habeas application within the meaning of 28 U.S.C. § 2244.

To the extent Petitioner's assertion that he has "newly discovered evidence" of his actual innocence is an attempt to fit within § 2244(b)(2)(B)(i)'s exception to the second or successive bar,[1] it is unavailing. (D.I. 1 at 20) First, it appears that Petitioner's so-called "newly discovered" evidence (original police reports, warrant charge sheet, affidavit of probable cause, preliminary hearing transcripts) was actually available at the time of trial. Second, pursuant to 28 U.S.C. § 2244(b)(3), the Court of Appeals for the Third Circuit, and not this Court, must determine if "newly discovered" evidence triggers the § 2244(b)(2)(B)(i) exception to the second or successive bar, when considering whether to authorize the filing of a second or successive habeas petition. Notably, Petitioner does not allege, and nothing in the record indicates, that the Third Circuit authorized the filing of the pending Petition. Accordingly, the Court will dismiss the Petition for lack of jurisdiction. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 petitions); 28 U.S.C. § 2244(b)(1).

## IV. MOTION

The Court will grant the Motion to Supplement the Petition (D.I. 5) that Petitioner filed during the pendency of this proceeding.

---

[1] Section 2244(b)(1)(B)(i) provides that a "claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless the factual predicate for the claim could not have been discovered previously through the exercise of reasonable diligence." 28 U.S.C. § 2244(b)(1)(B)(i).

## V. CONCLUSION

For the reason set forth above, the Court will summarily dismiss the instant Petition for lack of jurisdiction. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

Dated: August 20, 2015
Wilmington, Delaware

HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE